United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEV KVITKY, | No. C 04-04817 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES, AND VACATING HEARING** |
| v. | |
| KRISTY SERMERSHEIM, LOCAL 715 OF THE SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC, | |
| Defendants. | |

On July 8, 2005, defendants filed a motion for attorneys' fees, which was set for hearing on August 12, 2005. The Court deems this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby DENIES defendants' motion for the reasons set forth below.

**BACKGROUND**

Plaintiff Zev Kvitky is a member of Local 715 of the Service Employees International Union and was a candidate for the office of Executive Secretary. Defendant Kristy Sermersheim is the current Executive Secretary of Local 715 and was the incumbent candidate for the office during the events that led up to the lawsuit. Plaintiff filed a lawsuit on November 14, 2004, against defendants Kristy Sermersheim and Local 715, alleging violations of the Labor Management Reporting and Disclosure Act ("LMRDA"). 29 U.S.C. § 411. Defendants filed a motion to dismiss on March 31, 2005. On May 12, 2005, this Court granted defendants' motion to dismiss with leave to amend plaintiff's claim of denial of his right to assemble with other union members pursuant to § 411(a)(2). Plaintiff's claim for denial of his right to speak at the meeting was dismissed

without leave to amend. Plaintiff had until May 20, 2005, to file an amended complaint but has not done so.

Defendants now seek $6,465.51 in attorney's fees incurred in defending the lawsuit, alleging that plaintiff filed the lawsuit in bad faith in order to undermine Sermersheim's re-election campaign.

## LEGAL STANDARD

A court may rely on its inherent powers to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) (citations omitted). In such cases, the underlying rationale of "fee shifting" is punitive and "can be imposed only in exceptional cases and for dominating reasons of justice." Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 756 (9th Cir. 1986) (citations omitted); see Hall v. Cole, 412 U.S. 1, 5 (1973). A claim that has some legal and factual support considered in the light of the reasonable beliefs of the individual making the claim is not made in bad faith. See Beaudry Motor Co., 780 F.2d at 756.

## DISCUSSION

Defendants allege that plaintiff brought this action in bad faith to serve his own political purposes, and with no intention of prosecuting the case. According to defendants, a flyer that was distributed at the union office and at union members' work sites used the lawsuit in an effort to undermine Sermersheim's campaign. Defs.' Mot., Ex. A. The flyer made explicit reference to the lawsuit and stated that Sermersheim was using union dues to pay for the litigation costs; it also advertised plaintiff's own campaign for Executive Secretary. Defendants contend that, although plaintiff states that he did not make the flyer, he has never denied participating in its distribution and made no attempt to stop it. Defendants also argue that plaintiff's decision to stipulate to the dismissal with prejudice of several allegations in his original and first supplemental complaint and his failure to file an amended complaint indicate that he never intended to pursue the case, and that he has since misrepresented the lawsuit by claiming that it was not filed against the union itself.

Plaintiff argues that he did not file his lawsuit to undermine Sermersheim's campaign. He states that he did not produce any flyers during his campaign that mentioned the lawsuit, and he did not produce the flyer discussed in defendants' motion. Kvitky Decl. ¶¶ 2, 4. The flyers were produced by Emma Davis and other

union members. Davis Decl. ¶ 2. Plaintiff also states that defendant Sermersheim first informed union members about the lawsuit during a November 16, 2004 Executive Board meeting. Kvitky Decl. ¶ 3. Plaintiff contends that he believed that defendants violated his rights under the LMRDA and that he fully intended to pursue his lawsuit. Kvitky Decl. ¶ 6.

This Court does not find evidence of bad faith on plaintiff's part to justify an award of attorneys' fees. The distribution of flyers circulated by plaintiff's supporters, plaintiff's stipulated dismissal of several allegations in his first supplemental complaint, and his failure to file an amended complaint do not show that plaintiff filed the lawsuit solely to undermine Sermersheim's campaign. In its May 12, 2005 order granting defendants' motion to dismiss, the Court found that plaintiff might be able to state a claim for the denial of his right of assembly under the LMRDA. Under the circumstances, plaintiff could have had the reasonable belief that his rights had been violated. See Beaudry Motor Co., 780 F.2d at 756.

Accordingly, defendants' motion for attorneys' fees is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for attorney's fees. The August 12, 2005 hearing is hereby VACATED. [Docket # 27]

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2005

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEV KVITKY, | No. C 04-04817 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES, AND VACATING HEARING** |
| v. | |
| KRISTY SERMERSHEIM, LOCAL 715 OF THE SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC, | |
| Defendants.                                    / | |

On July 8, 2005, defendants filed a motion for attorneys' fees, which was set for hearing on August 12, 2005. The Court deems this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby DENIES defendants' motion for the reasons set forth below.

**BACKGROUND**

Plaintiff Zev Kvitky is a member of Local 715 of the Service Employees International Union and was a candidate for the office of Executive Secretary. Defendant Kristy Sermersheim is the current Executive Secretary of Local 715 and was the incumbent candidate for the office during the events that led up to the lawsuit. Plaintiff filed a lawsuit on November 14, 2004, against defendants Kristy Sermersheim and Local 715, alleging violations of the Labor Management Reporting and Disclosure Act ("LMRDA"). 29 U.S.C. § 411. Defendants filed a motion to dismiss on March 31, 2005. On May 12, 2005, this Court granted defendants' motion to dismiss with leave to amend plaintiff's claim of denial of his right to assemble with other union members pursuant to § 411(a)(2). Plaintiff's claim for denial of his right to speak at the meeting was dismissed

without leave to amend. Plaintiff had until May 20, 2005, to file an amended complaint but has not done so.

Defendants now seek $6,465.51 in attorney's fees incurred in defending the lawsuit, alleging that plaintiff filed the lawsuit in bad faith in order to undermine Sermersheim's re-election campaign.

## LEGAL STANDARD

A court may rely on its inherent powers to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) (citations omitted). In such cases, the underlying rationale of "fee shifting" is punitive and "can be imposed only in exceptional cases and for dominating reasons of justice." Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 756 (9th Cir. 1986) (citations omitted); see Hall v. Cole, 412 U.S. 1, 5 (1973). A claim that has some legal and factual support considered in the light of the reasonable beliefs of the individual making the claim is not made in bad faith. See Beaudry Motor Co., 780 F.2d at 756.

## DISCUSSION

Defendants allege that plaintiff brought this action in bad faith to serve his own political purposes, and with no intention of prosecuting the case. According to defendants, a flyer that was distributed at the union office and at union members' work sites used the lawsuit in an effort to undermine Sermersheim's campaign. Defs.' Mot., Ex. A. The flyer made explicit reference to the lawsuit and stated that Sermersheim was using union dues to pay for the litigation costs; it also advertised plaintiff's own campaign for Executive Secretary. Defendants contend that, although plaintiff states that he did not make the flyer, he has never denied participating in its distribution and made no attempt to stop it. Defendants also argue that plaintiff's decision to stipulate to the dismissal with prejudice of several allegations in his original and first supplemental complaint and his failure to file an amended complaint indicate that he never intended to pursue the case, and that he has since misrepresented the lawsuit by claiming that it was not filed against the union itself.

Plaintiff argues that he did not file his lawsuit to undermine Sermersheim's campaign. He states that he did not produce any flyers during his campaign that mentioned the lawsuit, and he did not produce the flyer discussed in defendants' motion. Kvitky Decl. ¶¶ 2, 4. The flyers were produced by Emma Davis and other

2

union members. Davis Decl. ¶ 2. Plaintiff also states that defendant Sermersheim first informed union members about the lawsuit during a November 16, 2004 Executive Board meeting. Kvitky Decl. ¶ 3. Plaintiff contends that he believed that defendants violated his rights under the LMRDA and that he fully intended to pursue his lawsuit. Kvitky Decl. ¶ 6.

This Court does not find evidence of bad faith on plaintiff's part to justify an award of attorneys' fees. The distribution of flyers circulated by plaintiff's supporters, plaintiff's stipulated dismissal of several allegations in his first supplemental complaint, and his failure to file an amended complaint do not show that plaintiff filed the lawsuit solely to undermine Sermersheim's campaign. In its May 12, 2005 order granting defendants' motion to dismiss, the Court found that plaintiff might be able to state a claim for the denial of his right of assembly under the LMRDA. Under the circumstances, plaintiff could have had the reasonable belief that his rights had been violated. See Beaudry Motor Co., 780 F.2d at 756.

Accordingly, defendants' motion for attorneys' fees is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion for attorney's fees. The August 12, 2005 hearing is hereby VACATED. [Docket # 27]

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2005

SUSAN ILLSTON
United States District Judge

3